#### FOR THE

## COUNTY OF WORCESTER, OCTOBER TERM 1865, AT WORCESTER.

PRESENT:

Hon. GEORGE T. BIGELOW, Chief Justice.
Hon. CHARLES A. DEWEY,
Hon. REUBEN A. CHAPMAN,
Hon. HORACE GRAY, Jr., } Justices.
Hon. JAMES D. COLT,

[CONTINUED FROM VOLUME X.]

---

## Thomas Earle *vs.* Alice C. Earle.

If in a libel for divorce against a married woman on the ground of adultery, a servant has testified to seeing her on one occasion sitting in the lap of the man with whom the adultery is charged to have been committed, and he in reply testifies to facts showing that this was for an innocent purpose, and by the request of his wife, who had temporarily left the room, and she testifies to the same facts, they may be allowed to state, for the purpose of showing that they are referring to the same occasion, that on her return to the room, within two or three minutes, he remarked to her that the servant had been in.

Libel for divorce on the ground of adultery. At the trial in this court, before *Gray*, J., and a jury, a verdict was returned for the libellee, and the libellant alleged exceptions, which are sufficiently stated in the opinion.

*D. Foster & T. L. Nelson*, for the libellant.

*B. F. Thomas & F. H. Dewey*, (*G. F. Hoar* with them,) for the libellee.

COLT, J. If the evidence objected to was admissible for any purpose the libellant has no ground of complaint, unless the judge refused at the trial to limit its effect, and permitted it to be used for a purpose for which it was not competent. In the absence of anything in the exceptions showing the contrary, it must be presumed that the proper limitation in the use of the evidence was given by the court. The objection to the evidence in this case was general; if it had been otherwise, and objection had been taken that the judge declined properly to limit the use of this evidence and permitted it for an improper purpose, the libellee might then have waived its use for any such purpose, and saved the risk of an exception. It is therefore right to conclude that evidence admissible for any purpose was either submitted to the jury with proper qualifications, or that the objecting party did not care to limit its effect, unless it appears affirmatively that such evidence was permitted under objection to be improperly used. *Salisbury* v. *Gourgas*, 10 Met. 442. *Holbrook* v. *Jackson*, 7 Cush. 154. *Waters* v. *Gilbert*, 2 Cush. 27.

The inquiry in this case then is whether the evidence objected to was admissible for any purpose. The libellant had called Ellen Gallagher, whose testimony if unexplained tended to establish the guilt of the libellee by showing improper intimacy with Elisha F. Rogers on one occasion when she saw them together in Mrs. Earle's bedroom, and Mrs. Earle sitting in the lap of Rogers. To meet this evidence, the libellee called Rogers and his wife. Mrs. Rogers stated in substance that on one occasion during the time charged she went with her husband to Mrs. Earle's bedroom when Mrs. Earle was confined to her bed with illness, and that Mr. Rogers at her request and to enable her to make the bed did at that time take Mrs. Earle into his lap; that she had occasion to go into an adjoining room for a few moments, and on her return the parties still remained in that position. Mr. Rogers stated to her that "Ellen had been in." Mr. Rogers also testified to this occurrence substantially as stated by his wife, and added that in his wife's absence from

Earle *v.* Earle.

the room Ellen Gallagher came to the door, and that he stated the fact to his wife on her return. To the admission of the statement of Rogers to his wife the libellant excepted.

It was important, as the case stood, for the libellee to satisfy the jury that Mr. and Mrs. Rogers were testifying to the same occasion. The testimony of Mrs. Rogers confirming that of her husband would certainly strengthen the claim that at that time there was nothing criminal in the conduct of the parties. Any circumstance or act occurring at that transaction and remembered by both witnesses would show that they were testifying to the same occasion, and would be clearly competent. So we are of opinion that the conversation of the parties or any declarations made at the time are to be' regarded as in the nature of verbal acts, and admissible for the purpose of identifying the occasion of which the witnesses speak. Statements used for this limited purpose are admitted without regard to the truth of the fact stated. Whether in this case the occasion in question was in fact the time when Ellen Gallagher came to the door in Mrs. Rogers's absence would still stand before the jury upon the unaided testimony of Rogers. There was no violation of the rule against hearsay evidence, therefore, in admitting the statement of Rogers to his wife, as testified to by both. 1 Greenl. Ev. § 123.

It was urged that this evidence was admissible upon the fur ther ground that, as the transaction which was the subject of investigation derived its significance mainly from the intent and disposition of the parties at the time, any conversation had or declaration made by the parties during its continuance was competent to go to the jury as part of the *res gestæ*, and as having a direct tendency, however slight, to show the temper of mind. Great latitude is sometimes allowed in the admission of evidence on this ground, and, if no other reason existed for sustaining the ruling of the presiding judge in this case, it might perhaps be supported solely on this ground. *Exceptions overruled.*